1  John A. Reding (State Bar No. 45800)
   Barry N. Endick (State Bar No. 142097)
2  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   345 California Street
3  Twenty-Ninth Floor
   San Francisco, CA  94104-2635
4  Telephone: (415) 835-1600
   Facsimile: (415) 217-5333
5
   Nancy L. Abell (State Bar No. 88785)
6  Ethan Lipsig (State Bar No. 61916)
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
7  555 South Flower Street
   Twenty-Third Floor
8  Los Angeles, CA  90071-2371
   Telephone: (213) 683-6000
9  Facsimile: (213) 627-0704

10  Attorneys for Defendants
    SBC Communications Inc. and
11  Pacific Telesis Group

12

13                    UNITED STATES DISTRICT COURT

14                   CENTRAL DISTRICT OF CALIFORNIA

15  LARRY F. GOTTLIEB, et al.,          )   Case No. CV 00-4139 AHM (MANx)
                                        )
16              Plaintiffs,             )   **STIPULATION FOR PROTECTIVE**
                                        )   **AND CONFIDENTIALITY ORDER**
17         vs.                          )   **AND ORDER**
                                        )
18  SBC COMMUNICATIONS, INC., et al.,   )
                                        )
19              Defendants.             )
    _____)

20

21

22

23

24

25

26

27

28

FILED
CLERK, U.S. DISTRICT COURT

AUG  3 2000

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

ENTERED ON

AUG - 3 2000

CV

1           The parties to this action, and their attorneys, recognize that the parties (and

2    possibly non-parties) possess confidential or proprietary information that may be produced

3    in discovery or pretrial proceedings. Desiring to protect such information from unnecessary

4    disclosure to others, the parties, by and through their attorneys, stipulate to the following

5    provisions about the handling of documents and information in this action:

6

7    **A.**    **<u>DEFINITIONS</u>**

8

9           1.    As used in this Stipulation for Protective and Confidentiality Order and

10   Order ("Protective Order") the word(s):

11

12          a.    "Party" or "Parties" means the named Plaintiffs in this action,

13   Larry F. Gottlieb; Barry P. Resnick; Adrienne F. Resnick; Dorothy S. Dowding; John B.

14   Riley; Allan M. Filipeck; Linda Acox; Isidore Quinoz; Yolanda Perez; Leslie D. Bayless;

15   Patricia A. Crowley; Susan Y. Kahue; Dalia Amodei; Steven R. Gunning; Maria Y.

16   Molinelli; Elva A. Ruiz; Christopher Seibert; and Daniel Stipkovich; and the Defendants

17   SBC Communications Inc. ("SBC"); Pacific Telesis Group ("PTG"); the attorneys of record

18   for Plaintiffs and Defendants; and the agents of those attorneys.

19

20          b.    "Person" means any individual, corporation, partnership,

21   unincorporated association, or other entity, and includes any party as defined in subparagraph

22   1a.

23

24          c.    "Material" means information preserved in any form or medium.

25   It includes, without limitation, documents (written or printed), photographs, drawings, charts,

26   designs, and pictorial representations, whether these are preserved in hard copy or (a) by

27   electronic, magnetic, stenographic, or photographic recording, or (b) on tape, film, disc,

28   microfiche, or other medium.

-2-

1            d.     "Provide" means the production of any material, whether

2  voluntary or involuntary, whether pursuant to request or process, and whether in accordance

3  with the Federal Rules of Civil Procedure or otherwise.

4

5            e.     "Confidential Material" means any material that: (1) has not

6  already been disclosed to independent third parties (as opposed to agents or consultants of

7  the party claiming confidentiality) and (a) that the producing person reasonably believes

8  contains trade secrets recognized under the Uniform Trade Secrets Act; (b) is proprietary

9  information of commercial value that is not publically available; or (c) is information as to

10  which there is a recognized right to privacy under either California state law or federal law;

11  or (2) is information which the Court may order protected.  A document is not necessarily

12  confidential in its entirety simply because a portion of the document contains confidential

13  material. However, in the interest of expediting document production, a party may designate

14  entire documents confidential and, if another party wishes to use a portion of that document

15  that it believes is not confidential as though it were not confidential, the parties agree to meet

16  and confer in good faith regarding how to deal with that portion of the document and, if the

17  parties are unable to come to an agreement on the manner of the document's use, to seek

18  court guidance on noticed motion.

19

20            f.     "This Action" means Gottlieb, et al. v. SBC Communications

21  Inc., et al., United States District Court for the Central District of California, Case No. CV

22  00-4139 AHM (MANx).

23

24            g.     "Proceeding" means any gathering of the parties and/or their

25  attorneys to expedite the litigation process, including without limitation, hearings and

26  conferences before the Court, "meet and confer" conferences, depositions, and settlement

27  conferences.

28

## B.   DESIGNATING MATERIAL AS CONFIDENTIAL

2.   The parties shall make every reasonable effort to act in good faith to limit the volume of material designated by them as confidential under this Order. Material which may be so designated includes not only preexisting material, but also includes, without limitation, testimony at depositions, answers to interrogatories, responses to requests for admissions, documents or information produced through expert witness discovery, and graphics prepared for use at any proceeding.

3.   A party may designate as *Confidential Level I* any confidential material it provides during discovery or as part of any proceedings in this action by marking it as follows:

CONFIDENTIAL LEVEL I — UNDER PROTECTIVE ORDER, United States District Court for the Central District of California, No. CV 00-4139 AHM (MANx).

It shall be the responsibility of the designating party to ensure that such material is so initially marked, and it shall be the responsibility of any party who makes additional copies of such material (or portions thereof) to ensure that such copies are so marked.

4.   A party may designate as *Confidential Level II:* (a) any confidential material listed in paragraph 1(e) it provides during discovery or as part of any proceedings in this action consisting of social security numbers, names (when linked with private financial information), private financial information (when linked with names) or other information which the party producing reasonably believes is protected by the United States Constitution, California Constitution, or other provision of law protecting its disclosure or (b) information which the Court may order protected by marking it as follows:

-4-

CONFIDENTIAL LEVEL II — UNDER PROTECTIVE
ORDER, United States District Court for the Central District of
California, No. CV 00-4139 AHM (MANx).

It shall be the responsibility of the designating party to ensure that such material is so initially marked, and it shall be the responsibility of any party who makes additional copies of such material (or portions thereof) to ensure that such copies are so marked.

5.      A party may designate as *Confidential Level I* or *Confidential Level II* any material provided by another person during discovery or as part of any proceedings in this action by identifying in writing the material which the party deems to be confidential. It shall be the responsibility of any other party upon receiving such notice to promptly mark all materials identified, and all copies, excerpts or summaries thereof, with the identifying language set out in paragraphs 3 or 4, as the case may be, of this Protective Order.

6.      Any party's attorney may designate deposition testimony or exhibits to that deposition as confidential material by indicating on the record at the deposition those portions of the testimony or those exhibits to be treated as confidential. Such testimony or exhibits may be designated as confidential material within ten (10) days after the deposition is transcribed.

7.      All depositions taken at which any previously-designated confidential material is to be used, or at which any confidential material is inquired into, shall be conducted only in the presence of the deposition witness, his or her attorney, and other persons authorized pursuant to paragraphs 11 and 12 of this Protective Order.

8.      When material disclosed during a deposition is designated as confidential at the time testimony is given, the reporter shall separately transcribe those

1  portions of the testimony so designated and shall mark the face of the transcript of those
2  portions as described in paragraphs 3 and 4 of this Protective Order.

4  **C.    RESTRICTIONS   ON   USE   OF   PROVIDED   AND   CONFIDENTIAL**
5  **MATERIAL**

7       9.    Material provided by the parties in this action shall not be used for any
8  purpose other than prosecuting or defending this action or any action related to this case for
9  discovery purposes.

11       10.    All confidential material shall be kept by attorneys of record for the
12  parties in secure facilities, and access to those facilities shall be limited to persons authorized
13  pursuant to paragraph 11 and 12 of this Protective Order.

15       11.    Until further stipulation of the parties or order of the Court, there shall
16  not be any disclosure by any persons of *Confidential Level I* material, except in accordance
17  with this Stipulation for Protective and Confidentiality Order, to anyone other than:

19       (a)    Attorneys of record for any party, any such attorneys' employees
20  who are actively assisting in the prosecution or defense of this action, and Law Department
21  personnel of SBC and PTG.

23       (b)    SBC and PTG current employees and employees during the
24  period relevant to the issues in the case.

26       (c)    The named Plaintiffs.

28       (d)    Experts and consultants retained in this action.

-6-

(e)   Witnesses or potential witnesses at depositions and other proceedings or when being prepared for depositions and other proceedings.

(f)   Court reporters and their staff.

(g)   The Court and any persons employed by the Court.

12.   Until further stipulation of the parties or order of the Court, there shall not be any disclosure by any persons of *Confidential Level II* material, except in accordance with this Stipulation for Protective and Confidentiality Order, to anyone other than:

(a)   Counsel of record for Plaintiffs and Defendants (including in-house counsel for Defendants) in this litigation (including all attorneys, paralegals, legal assistants and secretarial and clerical staff).

(b)   Experts and consultants retained or used by Plaintiffs and Defendants in this action who are assisting in the preparation and trial of this litigation and who are not otherwise employed by any party to this action.

(c)   Witnesses during proceedings in this action, including depositions, who agree to be bound by the terms of this Stipulation for Protective and Confidentiality Order and execute a copy of the Protective Order Agreement attached hereto as Exhibit A.

(d)   The Court and any persons employed by the Court.

## D.    AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

13.    Before attorneys for any party may disclose confidential material to any person described in subparagraphs 11b (as to confidential material designated by Plaintiffs) through 11e and 12b-12c, the person to whom disclosure is to be made shall read a copy of this Protective Order, shall evidence his or her agreement to be bound by its terms by signing the form attached as Exhibit A to this Protective Order (the "Agreement"), and shall retain a copy of this Protective Order.  The original of such signed Agreement shall be retained by the attorney who caused the Agreement to be signed.  A copy of any such Agreement shall be sent to all other attorneys of record concurrently with the disclosure of such person as a trial witness or an expert witness.

14.    If a party wishes to provide material designated by an opposing party as confidential to any person not identified in paragraphs 11 or 12, as the case may be, of this Protective Order, that party shall submit to opposing counsel a written statement specifically identifying the matter to be disclosed and the name, title and business relationship of the person or persons to whom disclosure is requested.  Opposing counsel shall have five (5) business days from the date of the receipt of such request to object to the disclosure.  If the parties are unable to resolve any objection, the party seeking to disseminate the confidential materials shall move this Court for an Order that the confidential material may be disclosed to the additional persons.

## E.    USE OF CONFIDENTIAL MATERIAL IN COURT FILINGS

15.    All copies of confidential material or other material containing information from confidential material shall, when filed with the Court, be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of its contents, the words "CONFIDENTIAL LEVEL I"

-8-

1  or "CONFIDENTIAL LEVEL II," as the case may be, and a statement substantially in the
2  following form:

3

4          CONFIDENTIAL LEVEL __.  Filed pursuant to Protective
5          Order by _____.  Not to be opened or reviewed except (1) by
6          the Court and then resealed, (2) by agreement of the parties, or
7          (3) upon and in conformity with an order first obtained from the
8          Court.

9

10  **F.      NO WAIVER BY INADVERTENT PRODUCTION**

11

12          16.    If any confidential material is provided inadvertently without being
13  marked as confidential in accordance with the terms of this Protective Order, the failure to
14  mark the material shall not be deemed a waiver of its confidentiality.  Any party shall be
15  allowed to designate materials provided in this action as confidential at any time.

16

17          17.    If any material is provided inadvertently that is protected by the
18  attorney-client privilege, work product doctrine, or any other doctrine or privilege which may
19  exempt the material from disclosure, such inadvertent production shall not be deemed a
20  waiver of such privilege or exemption. The receiving party shall promptly, after notification
21  of such inadvertent production, return the material and all copies or transcriptions of it.  By
22  returning the material, the receiving party does not waive its right to contest the privileged
23  status of the material or to seek an order from the Court requiring the production of the
24  material.

25

26          18.    Any party who receives material which that party believes may have
27  been inadvertently or accidentally disclosed by another person shall promptly notify that

28

-9-

person, so as to allow the exercise of procedure set out in paragraph 17 of this Protective Order.

## G.    RETURN OF CONFIDENTIAL MATERIAL

19.    Within thirty (30) days after this matter is terminated by dismissal or final judgment, attorneys possessing materials designated as confidential by other counsel shall destroy, or return if requested by opposing counsel, such confidential material, including all copies, notes, tapes, papers, and any other medium containing, summarizing, excerpting, or otherwise embodying such confidential material and shall certify in writing that they have done so.  Attorneys shall be entitled to retain in their files work product embodying confidential material; however, any such retained work product shall not be disclosed to any persons, other than the attorney's partners, associates and employees, and shall not be used for any purpose except in connection with this action.

20.    If any confidential material is returned to the parties or to their attorneys by the Clerk of the Court, such confidential material shall also be returned or destroyed as set forth in paragraph 19 of this Protective Order.

21.    Upon request of attorneys for the designating party after this matter is terminated, all deposition transcripts, stenographic notes, videotapes, and tape recordings that embody confidential material shall be destroyed by the court reporter.

## H.    SCOPE OF THIS ORDER

22.    This Protective Order shall be without prejudice to the right of a non-designating party to bring before the Court at any time, by regularly-noticed motion, the

1  question of whether any particular material is or is not confidential. The party asserting that

2  the material is confidential shall have the burden of establishing the validity of its position.

3

4          23.    Nothing in this Protective Order shall be deemed to limit, prejudice or

5  waive the right of any party (a) to resist discovery as to, or to seek additional or different

6  protection for, material which may be privileged or subject to the work product doctrine; (b)

7  to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the

8  use, relevance or admissibility at trial of any material or information, whether or not

9  comprised of confidential material or governed by this Protective Order; or (d) otherwise to

10  require that discovery be conducted according to governing laws and rules.

11

12          24.    This Protective Order, and any designation of Confidential Material

13  hereunder, shall not apply to the use of any material, testimony or other evidence which is

14  offered or presented in the courtroom during the trial of this Action. Attorneys for the parties

15  shall address in Pretrial Conference submittals methods of handling Confidential Material

16  at trial.

17

18          25.    The terms of this Protective Order shall remain in effect after the

19  termination of this action.

20

21  DATED: July 27 2000         PAUL, HASTINGS, JANOFSKY & WALKER, LLP

22

23                        By: _____

24                          John A. Reding
                        Attorneys for Defendants

25                          SBC Communications Inc. and
                        Pacific Telesis Group

26

27

28

-11-

1  DATED: July 2000         SPRENGER & LANG, PLLC
                            ELI GOTTESDIENER
2                           JENNIFER JAFF

3                           SIGMAN, LEWIS & FEINBERG, P.C.
                            ALFRED H. SIGMAN
4                           JANET E. BROWN

5                           LIEFF, CABRASER, HEIMANN &
                            BERNSTEIN, LLP
6                           JAMES M. FINBERG
                            STEVEN M. TINDALL
7

8                           By: _____
9                               James M. Finberg
                                Attorneys for all named Plaintiffs
10

11
                                      **ORDER**
12

13
    IT IS SO ORDERED.
14
                    August 2,
15  DATED: ~~July~~___ 2000

16
                            _Margaret A. Nagle_
17                          A. Howard Matz
                            United States District Court Judge
18
    SF/132204 5             Margaret A. Nagle
19                          U.S. Magistrate Judge

20

21

22

23

24

25

26

27

28

                            -12-

**EXHIBIT  A**

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   LARRY F. GOTTLIEB, et al.,        )   Case No. CV 00-4139 AHM (MANx)
                                       )
12              Plaintiffs,            )   **AGREEMENT REGARDING**
                                       )   **CONFIDENTIALITY**
13        vs.                          )
                                       )
14   SBC COMMUNICATIONS, INC., et al., )
                                       )
15              Defendants.            )
     ──────────────────────────────── )
16

17            I hereby certify that I have read the Stipulation for Protective and

18   Confidentiality Order and Order ("Protective Order") entered by the United States District

19   Court for the Central District of California, dated July __, 2000, in the above-captioned case

20   and that I understand its terms. I recognize that I am bound by the terms of that Protective

21   Order and I agree to comply with them. I hereby consent to be subject to the personal

22   jurisdiction of the United States District Court for the Central District of California as to any

23   proceeding to enforce that Protective Order, including any proceeding to show cause

24   regarding contempt of Court.

25

26   DATED:_____, ___.    By:_____
                                    Name:

27

28

     SF/132265 2

                              "Exhibit A"