John A. Reding (State Bar No. 45800)
Barry N. Endick (State Bar No. 142097)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
345 California Street
Twenty-Ninth Floor
San Francisco, CA 94104-2635
Telephone: (415) 835-1600
Facsimile: (415) 217-5333

Nancy L. Abell (State Bar No. 88785)
Ethan Lipsig (State Bar No. 61916)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
555 South Flower Street
Twenty-Third Floor
Los Angeles, CA 90071-2371
Telephone: (213) 683-6000
Facsimile: (213) 627-0704

Anthony R. Delling (State Bar No. 81798)
Bruce Ericson (State Bar No. 76342)
Paula M. Weber (State Bar No. 121144)
PILLSBURY WINTHROP LLP
725 South Figueroa Street, Suite 1200
Los Angeles, CA 90017-5443
Telephone: (213) 983-1000
Facsimile: (213) 629-1033

Attorneys for Defendants
SBC Communications Inc. and
Pacific Telesis Group

ORIGINAL

FILED
CLERK, U S DISTRICT COURT
JUN - 7 2001
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

Priority
Send
Clsd
Enter
JS-5/JS-6
JS-2/JS-3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY F. GOTTLIEB, et al.,<br>Plaintiffs,<br>vs.<br>SBC COMMUNICATIONS, INC., et al.,<br>Defendants. | CASE NO. CV 00-4139 AHM (MANx)<br>**AMENDED STIPULATION FOR PROTECTIVE AND CONFIDENTIALITY ORDER AND ORDER** |

ENTERED ON ICMS
JUN - 8 2001

45

WHEREAS, plaintiffs have filed against defendants SBC Communications Inc. ("SBC") and Pacific Telesis Group ("Telesis") a putative class action seeking in excess of one billion dollars ($1,000,000,000) in losses on behalf of an estimated 30,000 to 40,000 current or former individual participants in the Telesis salaried savings plan, the Telesis non-salaried savings plan, the SBC salaried savings plan and the SBC savings and security plan (hereinafter collectively referred to as "the savings plans") alleging breaches of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), based on alleged conduct related to the savings plans;

WHEREAS, SBC and Telesis have denied the material allegations of plaintiffs' currently pending consolidated amended complaint, have raised various affirmative defenses to the claims in the complaint and contend that plaintiffs cannot properly maintain this lawsuit as a class action;

WHEREAS, on or about August 3, 2000, this Court entered a protective order providing, among other things, for the designation of such materials as "Confidential Level II," which designation limits the disclosure of such materials to the attorneys of record, the parties' experts and consultants, witnesses testifying at deposition, trial or other proceedings and the Court and its personnel;

WHEREAS, certain documents and electronic data relating to the status of, and/or activity pertaining to, savings plan accounts of individual participants are in the possession of third party vendors, including Northern Trust Retirement Consulting, the Northern Trust Company and MetLife (hereinafter, "third party vendors");

WHEREAS, plaintiffs and defendants have sought the production of documents relating to the status of, and/or activity pertaining to, the savings plan accounts of individual participants, but have not yet received most of such documents.

WHEREAS, certain third party vendors have asserted that a right of privacy under Article I, section 1 of the California constitution, the constitutions or laws of other states, and/or the case law discussing those constitutional provisions or laws, may apply to documents relating to the status of, and/or activity pertaining to, the savings plans accounts of plan participants other than the currently named plaintiffs and/or former named plaintiffs;

THEREFORE, all plaintiffs in this action and defendants SBC and Telesis, through their respective counsel of record, hereby amend and augment their previous stipulation and order as follows:

## A. DEFINITIONS

1. As used in this Stipulation for Protective and Confidentiality Order and Order ("Protective Order") the word(s):

a. "Party" or "Parties" means the named Plaintiffs in this action, Larry F. Gottlieb; Barry P. Resnick; Adrienne F. Resnick; Dorothy S. Dowding; John B. Riley; Allan M. Filipeck; Linda Acox; Jean-Luc Gaudremeau; Diane Wilson; James Weinald; and the Defendants SBC Communications Inc. ("SBC"); Pacific Telesis Group ("PTG"); the attorneys of record for Plaintiffs and Defendants; and the agents of those attorneys.

b. "Person" means any individual, corporation, partnership, unincorporated association, or other entity, and includes any party as defined in subparagraph 1a.

c. "Material" means information preserved in any form or medium. It includes, without limitation, documents (written or printed), photographs, drawings, charts, designs, and pictorial representations, whether these are preserved in hard copy or (a) by electronic, magnetic, stenographic, or photographic recording, or (b) on tape, film, disc, microfiche, or other medium.

d. "Provide" means the production of any material, whether voluntary or involuntary, whether pursuant to request or process, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

e. "Confidential Material" means any material that: (1) has not already been disclosed to independent third parties (as opposed to agents or consultants of the party claiming confidentiality) and that the producing person reasonably believes (a) contains trade secrets recognized under the Uniform Trade Secrets Act; (b) contains proprietary information of commercial value that is not publically available; or (c) contains information as to which there is a recognized right to privacy under either California state law or federal law; or (2) contains information which the Court may order protected. A document is not necessarily confidential in its entirety simply because a portion of the document contains confidential material. However, in the interest of expediting document production, a party may designate entire documents confidential and, if another party wishes to use a portion of that document that it believes is not confidential as though it were not confidential, the parties agree to meet and confer in good faith regarding how to deal with that portion of the document and, if

the parties are unable to come to an agreement on the manner of the document's use, to seek court guidance on noticed motion.

f. "This Action" means <u>Gottlieb, et al. v. SBC Communications, Inc., et al.</u>, United States District Court for the Central District of California, Case No. CV 00-4139 AHM (MANx).

g. "Proceeding" means any gathering of the parties and/or their attorneys to expedite the litigation process, including without limitation, hearings and conferences before the Court, "meet and confer" conferences, depositions, and settlement conferences.

**B. <u>DESIGNATING MATERIAL AS CONFIDENTIAL</u>**

2. The parties or third party vendors shall make every reasonable effort to act in good faith to limit the volume of material designated by them as confidential under this Order. Material which may be so designated includes not only preexisting material, but also includes, without limitation, testimony at depositions, answers to interrogatories, responses to requests for admissions, documents or information produced through expert witness discovery, and graphics prepared for use at any proceeding.

3. A party or third party vendor may designate as *Confidential Level I* any confidential material it provides during discovery or as part of any proceedings in this action by marking it as follows:

CONFIDENTIAL LEVEL I — UNDER PROTECTIVE ORDER, United States District Court for the Central District of California, No. CV 00-4139 AHM (MANx).

It shall be the responsibility of the designating party to ensure that such material is so initially marked, and it shall be the responsibility of any party or third party vendor who makes additional copies of such material (or portions thereof) to ensure that such copies are so marked.

4. All documents and electronic data which reflect or relate to the status of, or activity pertaining to, the account of any individual participant within SBC's and Telesis' savings plans (but excluding those persons who were never participants in either of the Telesis savings plans) shall be provided as soon as reasonably possible to the party or parties which have requested (whether formally or informally) such documents/data. Third party vendors will use their best efforts to produce these documents by May 18, 2001. Such documents and data shall include, but not be limited to, account statements, compilations, descriptions or summaries of account activity, requests, directions and/or inquiries concerning withdrawals, transfers, rollovers and distributions, correspondence to or from particular individual participants regarding the AirTouch stock fund, documents indicating participant knowledge and familiarity with the plans, documents relating to participant interactions with service centers and/or other sources of information regarding the plans, and documents pertaining to requests for information concerning the savings plan or its terms, during the period January 1, 1993 through March 31, 2001. Such documents and data may contain personal medical information, information regarding participants' medical and mental conditions, marital status (and changes to that status) and other information of a sensitive, personal nature. Such correspondence and electronic data are, to a large extent, relevant to significant issues in this litigation, including the size and composition

of plaintiffs' proposed class, whether the action is suitable for class treatment, whether and to what extent defendants' alleged breaches of fiduciary duty proximately caused any losses to individual participants, the viability and scope of the affirmative defenses raised by defendants, and the nature and amount of any compensable economic losses to the putative class, among other issues. Moreover, the relevance of such information and documents, and the importance of that information in resolving the critical issues raised by this litigation, outweigh any privacy interest which might apply with respect to that information and therefore justify the production of such information. Gordon v. Superior Court, 55 Cal. App. 4th 1546, 1557 (1997); Valley Bank of Nevada v. Superior Court, 15 Cal. 3d 652, 658 (1975).

In addition to documents and electronic data, portions of telephonic records (including audiotapes) in the possession of a third party vendor contain matter which reflects or relates to the status of, or activity pertaining to, the accounts of individual participants within SBC's and Telesis' savings plans (but excluding those persons who were never participants in either of the Telesis savings plans) whose relevance outweighs any privacy interest which might apply. Such information shall be produced, subject to any ruling on an objection by a third-party vendor that the burden of locating and producing such relevant portions outweighs the benefits to the parties. Nothing in this Stipulation and Order shall require any third-party vendor to produce any records relating to participants in any savings plan other than SBC's and Telesis' savings plans, nor shall anything in this Stipulation and Order preclude any party from arguing that production of any such records should be made or need not be made.

5. A party or third party vendor may designate as *Confidential Level II*: (a) any confidential material listed in paragraph 1(e) provided during discovery or as part of any proceedings in this action consisting of social security numbers, names (when linked with private financial information), private financial information (when

linked with names) or other information which the party producing reasonably believes is protected by the California Constitution, or other provision of law protecting its disclosure or (b) information which the Court may order protected by marking it as follows:

CONFIDENTIAL LEVEL II — UNDER PROTECTIVE ORDER, United States District Court for the Central District of California, No. CV 00-4139 AHM (MANx).

It shall be the responsibility of the designating party to ensure that such material is so initially marked, and it shall be the responsibility of any party who makes additional copies of such material (or portions thereof) to ensure that such copies are so marked.

6. All documents and electronic data produced pursuant to paragraph 4 of this stipulation and order shall bear the "Confidential Level II" designation specified above in an appropriate location (e.g., the cover of a computer disc). All such documents and data shall be treated in strict conformity with the limitations on the disclosure and use of "Confidential Level II" materials explicitly set forth herein.

7. Upon regularly noticed motion and a showing of good cause, any party or other person may seek to have documents and/or electronic data encompassed by the stipulation and order not designated as "Confidential Level II" material or to have the "Confidential Level II" designation removed from such documents and/or data.

8. A party or third party vendor may designate as *Confidential Level I* or *Confidential Level II* any material provided by another person during discovery or as part of any proceedings in this action by identifying in writing the material which the party deems to be confidential. It shall be the responsibility of any other party upon

receiving such notice to promptly mark all materials identified, and all copies, excerpts or summaries thereof, with the identifying language set out in paragraphs 3 or 5, as the case may be, of this Protective Order.

9. Any party's attorney may designate deposition testimony or exhibits to that deposition as confidential material by indicating on the record at the deposition those portions of the testimony or those exhibits to be treated as confidential. Such testimony or exhibits may be designated as confidential material within ten (10) days after the deposition is transcribed.

10. All depositions taken at which any previously-designated confidential material is to be used, or at which any confidential material is inquired into, shall be conducted only in the presence of the deposition witness, his or her attorney, and other persons authorized pursuant to paragraphs 14 and 15 of this Protective Order.

11. When material disclosed during a deposition is designated as confidential at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated and shall mark the face of the transcript of those portions as described in paragraphs 3 and 5 of this Protective Order.

## C. RESTRICTIONS ON USE OF PROVIDED AND CONFIDENTIAL MATERIAL

12. Material provided by the parties or third parties in this action shall not be used for any purpose other than prosecuting or defending this action or any action related to this case for discovery purposes.

13. All confidential material shall be kept by attorneys of record for the parties in secure facilities, and access to those facilities shall be limited to persons authorized pursuant to paragraph 14 and 15 of this Protective Order.

14. Until further stipulation of the parties or order of the Court, there shall not be any disclosure by any persons of Confidential Level I material, except in accordance with this Stipulation for Protective and Confidentiality Order, to anyone other than:

(a) Attorneys of record for any party, any such attorneys' employees who are actively assisting in the prosecution or defense of this action, and Law Department personnel of SBC and PTG.

(b) SBC and PTG current employees and employees during the period relevant to the issues in the case.

(c) The named Plaintiffs.

(d) Experts and consultants retained in this action.

(e) Witnesses or potential witnesses at depositions and other proceedings or when being prepared for depositions and other proceedings.

(f) Court reporters and their staff.

(g) The Court and any persons employed by the Court.

15. Until further order of the Court, there shall not be any disclosure by any persons of Confidential Level II material, except in accordance with this Stipulation for Protective and Confidentiality Order, to anyone other than:

(a) Counsel of record for Plaintiffs and Defendants (including in-house counsel for Defendants) in this litigation (including all attorneys, paralegals, legal assistants and secretarial and clerical staff).

(b) Experts and consultants retained or used by Plaintiffs or Defendants in this action who are assisting in the preparation and/or trial of this litigation and who are not otherwise employed by any party to this action.

(c) Witnesses during proceedings in this action, including depositions, who agree to be bound by the terms of this Stipulation for Protective and Confidentiality Order and execute a copy of the Protective Order Agreement attached hereto as Exhibit A.

(d) The Court and any persons employed by the Court.

## D. AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

16. Before attorneys for any party may disclose confidential material to any person described in subparagraphs 14b (as to confidential material designated by Plaintiffs) through 14e and 15b-15c, the person to whom disclosure is to be made shall read a copy of this Protective Order, shall evidence his or her agreement to be bound by its terms by signing the form attached as Exhibit A to this Protective Order (the "Agreement"), and shall retain a copy of this Protective Order. The original of such signed Agreement shall be retained by the attorney who caused the Agreement to be

signed. A copy of any such Agreement shall be sent to all other attorneys of record concurrently with the disclosure of such person as a trial witness or an expert witness.

17. If a party wishes to provide material designated by an opposing party as confidential to any person not identified in paragraphs 14 or 15, as the case may be, of this Protective Order, that party shall submit to opposing counsel a written statement specifically identifying the matter to be disclosed and the name, title and business relationship of the person or persons to whom disclosure is requested. Opposing counsel shall have five (5) business days from the date of the receipt of such request to object to the disclosure. If the parties are unable to resolve any objection, the party seeking to disseminate the confidential materials shall move this Court for an Order that the confidential material may be disclosed to the additional persons.

## E. USE OF CONFIDENTIAL MATERIAL IN COURT FILINGS

18. All copies of confidential material or other material containing information from confidential material shall, when filed with the Court, be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of its contents, the words "CONFIDENTIAL LEVEL I" or "CONFIDENTIAL LEVEL II," as the case may be, and a statement substantially in the following form:

> CONFIDENTIAL LEVEL __. Filed pursuant to Protective Order by __________. Not to be opened or reviewed except (1) by the Court and then resealed, (2) by agreement of the parties, or (3) upon and in conformity with an order first obtained from the Court.

**F. NO WAIVER BY INADVERTENT PRODUCTION**

19. If any confidential material is provided inadvertently without being marked as confidential in accordance with the terms of this Protective Order, the failure to mark the material shall not be deemed a waiver of its confidentiality. Any party shall be allowed to designate materials provided in this action as confidential at any time.

20. If any material is provided inadvertently that is protected by the attorney-client privilege, work product doctrine, or any other doctrine or privilege which may exempt the material from disclosure, such inadvertent production shall not be deemed a waiver of such privilege or exemption. The receiving party shall promptly, after notification of such inadvertent production, return the material and all copies or transcriptions of it. By returning the material, the receiving party does not waive its right to contest the privileged status of the material or to seek an order from the Court requiring the production of the material.

21. Any party who receives material which that party believes may have been inadvertently or accidentally disclosed by another person shall promptly notify that person, so as to allow the exercise of procedure set out in paragraph 20 of this Protective Order.

**G. RETURN OF CONFIDENTIAL MATERIAL**

22. Within thirty (30) days after this matter is terminated by dismissal or final judgment, attorneys possessing materials designated as confidential by other counsel shall destroy, or return if requested by opposing counsel, such confidential material, including all copies, notes, tapes, papers, and any other medium containing, summarizing, excerpting, or otherwise embodying such confidential material and shall

certify in writing that they have done so, provided, however, that attorneys shall be entitled to retain in their files one copy of all such materials for a period of five years and work product embodying confidential material. Any such retained documents and work product, however, shall not be disclosed to any persons, other than the attorney's partners, associates and employees, and shall not be used for any purpose except in connection with this action or in connection with any claim or action brought against any attorneys arising out of their legal services in this action.

23. If any confidential material is returned to the parties or to their attorneys by the Clerk of the Court, such confidential material shall also be returned or destroyed as set forth in paragraph 22 of this Protective Order.

24. Upon request of attorneys for the designating party after this matter is terminated, all deposition transcripts, stenographic notes, videotapes, and tape recordings that embody confidential material shall be destroyed by the court reporter.

**H. <u>SCOPE OF THIS ORDER</u>**

25. This Protective Order shall be without prejudice to the right of a non-designating party to bring before the Court at any time, by regularly-noticed motion, the question of whether any particular material is or is not confidential. The party asserting that the material is confidential shall have the burden of establishing the validity of its position.

26. Nothing in this Protective Order shall be deemed to limit, prejudice or waive the right of any party (a) to resist discovery as to, or to seek additional or different protection for, material which may be privileged or subject to the work product doctrine; (b) to seek to modify or obtain relief from any aspect of this Protective Order;

(c) to object to the use, relevance or admissibility at trial of any material or information, whether or not comprised of confidential material or governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

27. This Protective Order, and any designation of Confidential Material hereunder, shall not apply to the use of any material, testimony or other evidence which is offered or presented in the courtroom during the trial of this Action. Attorneys for the parties shall address in Pretrial Conference submittals methods of handling Confidential Material at trial.

28. The terms of this Protective Order shall remain in effect after the termination of this action.

DATED: May 30, 2001

PILLSBURY WINTHROP LLP

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: [signature]
John A. Reding
Attorneys for Defendants
SBC Communications Inc. and
Pacific Telesis Group

DATED: May 30, 2001

GOTTESDEINER LAW OFFICES
ELI GOTTESDIENER

ARIAS, OZZELLO & GIGNAC LLP
J. PAUL GIGNAC

SIGMAN, LEWIS & FEINBERG, P.C.
JEFFREY LEWIS
TERESA RENAKER

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
JAMES M. FINBERG
STEVEN M. TINDALL

By: [signature]
~~James M. Finberg~~ Steven M. Tindall
Attorneys for all named Plaintiffs

**ORDER**

Based on the recitals above and its conclusion that the relevance of the documents described in paragraph 4 outweigh any privacy interests in such documents, IT IS SO ORDERED.

IT IS SO ORDERED.

DATED June 7, 2001

[signature]

UNITED STATES DISTRICT JUDGE

DATED: May __, 2001

A. Howard Matz
United States District Court Judge

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss:
CITY AND COUNTY OF SAN FRANCISCO )

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Paul, Hastings, Janofsky & Walker LLP, 555 South Flower Street, Twenty-Third Floor Los Angeles, CA 90071-2371.

On May 30, 2001, I served the foregoing document(s) described as:

**AMENDED STIPULATION FOR PROTECTIVE AND CONFIDENTIALITY ORDER AND ORDER**

on the interested parties, by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Alfred H. Sigman, Esq. **(ALSO COURTESY**
Janet F. Brown, Esq. **COPY VIA FAX)**
SIGMAN, LEWIS & FEINBERG, P.C.
436 14th Street
Suite 1605
Oakland, CA 94612

James M. Finberg, Esq.
Steven M. Tindall, Esq.
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111

Eli Gottesdiener, Esq.
GOTTESDIENER LAW OFFICE
3901 Yuma Street, N.W.
Washington, DC 20016

J. Paul Gignac, Esq.
ARIAS, OZZELLO & GIGNAC, LLP
1231 State Street, Suite 200
Santa Barbara, CA 93101
Attorneys for Plaintiffs
Telephone: (805) 564-8666
Facsimile: (805) 564-8885

By delivering such documents to an overnight mail service or an authorized courier in an envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served. I am readily familiar with the firm's practice of mailing. Under that practice such envelope(s) would be deposited with the overnight courier service on May 30, 2001 with fees fully prepaid, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 30, 2001, at San Francisco, California.

Aileen Nichols
Aileen Nichols

SF/150137.1