1   PILLSBURY WINTHROP LLP
    ANTHONY R. DELLING  #81798
2   MICHAEL J. FINNEGAN #137409
    725 South Figueroa Street, Suite 2800
3   Los Angeles, California  90017-5406
    Telephone: (213) 488-7100
4   Facsimile: (213) 629-1033

5   PILLSBURY WINTHROP LLP
    BRUCE A. ERICSON #76342
6   PAULA M. WEBER #121144
    50 Fremont Street
7   Post Office Box 7880
    San Francisco, California  94120-7880
8   Telephone: (415) 983-1000
    Facsimile: (415) 983-1200
9
    PAUL, HASTINGS, JANOFSKY
10    & WALKER LLP
    JOHN A. REDING #45800
11  ETHAN LIPSIG #61916
    NANCY L. ABELL #88785
12  BARRY N. ENDICK #142097
    55 Second Floor, 24th Floor
13  San Francisco, California  94105-3441
    Telephone: (415) 865-7000
14  Facsimile: (415) 865-7100

15  Attorneys for Defendants
    SBC COMMUNICATIONS INC.
16  and PACIFIC TELESIS GROUP

17

18

19

20

21  LARRY F. GOTTLIEB, et al.,

22          Plaintiffs,

23          vs.

24  SBC COMMUNICATIONS, INC., et al.,

25          Defendants.

26

27

28

LEWIS & FEINBERG, P.C.
JEFFREY LEWIS #066587
TERESA RENAKER  #187800
436 14th Street, Suite 1505
Oakland, California  94612-2703
Telephone:  (510) 839-6824
Facsimile:  (510) 839-7839

LIEFF, CABRASER, HEIMANN
  & BERNSTEIN, LLP
JAMES M. FINBERG #114850
STEVEN M. TINDALL  #187862
275 Battery Street, 30th Floor
San Francisco, California  94111
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

ARIAS, OZZELLO & GIGNAC, LLP
J. PAUL GIGNAC #125676
1231 State Street, Suite 206
Santa Barbara, California 93101
Telephone:  (805) 892-5500
Facsimile:  (805) 564-8885

Attorneys for Plaintiffs

Other counsel listed on signature page

FILED
CLERK, U.S. DISTRICT COURT
APR 15 2003
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

Priority   ✓
Send       ✓
Enter
Closed
JS-5/JS-6  ___
JS-2/JS-3  ___
Scan Only  ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV 00-04139 AHM (MANx)

CLASS ACTION

190

ENTER ON ICMS
APR 16 2003

STIPULATION FOR MODIFICATION OF THE AGREEMENT
TO SETTLE CLASS ACTION

- 1 -

STIPULATION FOR MODIFICATION OF THE
AGREEMENT TO SETTLE CLASS ACTION
Case No  004139 AHM (MANx)

1

2    Plaintiffs and defendants, by and through their attorneys of record, *represent the*

3    following:

4        1.    Section 3.02 (a)(1) of the Stipulation and Agreement to Settle Class Action

5    states that within 7 days of the Court's preliminary approval of the Settlement Agreement,

6    SBC was to provide the Settlement Administrator and Class Counsel a list of names and

7    last known addresses for each Class Member, "or, in the case of Class Members known to

8    be deceased, the last known address, if any is known to SBC, of the deceased Class

9    Members' beneficiaries." The Settlement Administrator was to then mail the Class Notice

10   to Class Members or representatives of the estate and beneficiaries for whom an address

11   had been provided.

12       2.    SBC provided the names and last known addresses for Class Members in

13   accordance with the terms of the Settlement Agreement. However, there were

14   approximately 158 deceased Class Members for whom beneficiaries may have been known

15   to SBC's Plan Administrator (hereinafter referred to as "Known Beneficiaries"), whose

16   names inadvertently were not on the Class Member list. Instead, the names and last known

17   addresses of the deceased participants were sent to the Settlement Administrator and

18   mailings were sent to these deceased participants.

19       3.    SBC has now provided the Settlement Administrator with the names and last

20   known addresses of the Known Beneficiaries.

21       4.    There were approximately 180 Known Beneficiaries because some deceased

22   Class Members have more than one designated beneficiary. One hundred and twenty-eight

23   of these Known Beneficiaries had the same last known address as the deceased participant.

24   Thus, it is highly likely that these 128 Known Beneficiaries actually received all notices

25   sent in this case by the Settlement Administrator. It is likely, however, that the remaining

26   52 Known Beneficiaries did not receive the Class Notice or subsequent mailings sent by the

27   Settlement Administrator, including the Statement of Settlement Amount to be sent to each

28   Class Member.

STIPULATION FOR MODIFICATION OF THE
AGREEMENT TO SETTLE CLASS ACTION
Case No. 004139 AHM (MANx)

1    The parties, by and through their counsel of record, therefore stipulate as follows:

2    1.    Each of the Known Beneficiaries will be sent the following documents: *(1) a*

3    notice describing the settlement of this matter and their right to comment on this settlement

4    (attached hereto as Exhibit A); (2) a Statement of Settlement Amount (the form of which is

5    attached hereto as Exhibit B).  These documents will be mailed simultaneously.  The

6    Settlement Administrator will send these documents to the Known Beneficiaries by first

7    class mail within 5 days of the Court approving this stipulation.  Defendants will pay for the

8    cost of mailing this notice.

9    2.    The Known Beneficiaries will have 30 days to submit any comments about

10    the settlement to the Court and counsel for the parties.  The Known Beneficiaries will have

11    30 days to dispute in writing the number of AirTouch units held by the Class Member on

12    December 31, 1997 set forth in the Statement of Settlement Amount.  Any disputes will be

13    resolved in accordance with the procedures in Section 3.06(h) of the Stipulation and

14    Agreement to Settle Class Action, except that the Settlement Administrator will attempt to

15    resolve any dispute within 15 days of receipt of any claim of dispute and, if it cannot do so,

16    the Settlement Administrator will forward all documents pertaining to the dispute to the

17    arbitrator who will resolve any claim within 15 days of receipt of all documents pertaining

18    to the claim.

19    3.    If the parties receive any comments from the Known Beneficiaries they will

20    forward these comments to the Court.  The parties will have 10 days from the receipt of any

21

22

23

24

25

26

27

28

- 3 -

STIPULATION FOR MODIFICATION OF THE
AGREEMENT TO SETTLE CLASS ACTION

1

2   comment to submit a response to the Court. The Court will determine whether any hearing

3   is necessary as a result of any comment submitted by a Known Beneficiary.

4   Dated: April 15, 2003.

5                        LEWIS & FEINBERG, P.C.
                             JEFFREY LEWIS

6                        TERESA RENAKER
                             436 14th Street, Suite 1505

7                        Oakland, California 94612-2703

8                        LIEFF, CABRASER, HEIMANN
                            & BERNSTEIN, LLP

9                        JAMES M. FINBERG
                        STEVEN M. TINDALL

10                     275 Battery Street, 30th Floor
                        San Francisco, California 94111

11

12                     ARIAS, OZZELLO & GIGNAC LLP
                     J. PAUL GIGNAC

13                     1231 State Street, Suite 200
                     Santa Barbara, California 93101

14                     GOTTESDIENER LAW FIRM
                     ELI GOTTESDIENER

15                     3901 Yuma Street, N.W.
                     Washington, D.C. 20016

16

17                     COHEN, MILSTEIN, HAUSFELD & TOLL
                     MARC MACHIZ

18                     West Tower, Suite 500
                     1100 New York Avenue, N.W.

19                     Washington, D.C. 20005-3964

20                     HANEY, BUCHANAN & PATTERSON, LLP
                     STEPHEN H. HANEY

21                     707 Wilshire Blvd., 53rd Floor
                     Los Angeles, California 90017

22

23   IT IS SO ORDERED            By _____

24   Dated _April 15, 2003_

25   _____             Attorneys for Plaintiffs
   United States District Judge

26

27

28

4

1   Dated: April 15, 2003.

2                                    PILLSBURY WINTHROP LLP
                                     ANTHONY R. DELLING
3                                    MICHAEL J. FINNEGAN
                                     725 South Figueroa Street, Suite 2800
4                                    Los Angeles, California  90017-5406

5                                    PILLSBURY WINTHROP LLP
                                     BRUCE A. ERICSON
6                                    PAULA M. WEBER
                                     50 Fremont Street
7                                    Post Office Box 7880
                                     San Francisco, California  94120-7880
8
                                     PAUL, HASTINGS, JANOFSKY
9                                        & WALKER LLP
                                     JOHN A. REDING
10                                   ETHAN LIPSIG
                                     NANCY L. ABELL
11                                   BARRY N. ENDICK
                                     55 Second Street, 24th Floor
12                                   San Francisco, California  94104

13

14                                   By

15                                   Attorneys for Defendants
                                     SBC COMMUNICATIONS INC. and
16                                   PACIFIC TELESIS GROUP

17       IT IS SO ORDERED.

18       Date:                  , 2003.

19

20

21

22                                   A. Howard Matz
                                     United States District Court Judge
23                                   United States District Court for the Northern
                                     District of California

24

25

26

27

28

10710476v1                    STIPULATION FOR MODIFICATION OF THE
                                            AGREEMENT TO SETTLE CLASS ACTION

SCANNED

1   PILLSBURY WINTHROP LLP           LEWIS & FEINBERG, P.C.
    ANTHONY R. DELLING  #81798       JEFFREY LEWIS #066587
2   MICHAEL J. FINNEGAN #137409      TERESA RENAKER  #187800
    725 South Figueroa Street, Suite 2800   436 14th Street, Suite 1505
3   Los Angeles, California  90017-5406    Oakland, California  94612-2703
    Telephone: (213) 488-7100        Telephone:  (510) 839-6824
4   Facsimile: (213) 629-1033        Facsimile:  (510) 839-7839

5   PILLSBURY WINTHROP LLP           LIEFF, CABRASER, HEIMANN
    BRUCE A. ERICSON #76342              & BERNSTEIN, LLP
6   PAULA M. WEBER #121144           JAMES M. FINBERG  #114850
    50 Fremont Street                STEVEN M. TINDALL  #187862
7   Post Office Box 7880             275 Battery Street, 30th Floor
    San Francisco, California  94120-7880   San Francisco, California  94111
8   Telephone: (415) 983-1000        Telephone:  (415) 956-1000
    Facsimile: (415) 983-1200        Facsimile:  (415) 956-1008
9
    PAUL, HASTINGS, JANOFSKY         ARIAS, OZZELLO & GIGNAC, LLP
10      & WALKER LLP                 J. PAUL GIGNAC #125676
    JOHN A. REDING #45800            1231 State Street, Suite 206
11  ETHAN LIPSIG #61916              Santa Barbara, California 93101
    NANCY L. ABELL #88785            Telephone:  (805) 892-5500
12  BARRY N. ENDICK #142097          Facsimile:  (805) 564-8885
    55 Second Street, 24th Floor
13  San Francisco, California  94105-3441
    Telephone:  (415) 865-7000
14  Facsimile:  (415) 865-7100

15  Attorneys for Defendants         Attorneys for Plaintiffs
    SBC COMMUNICATIONS INC.
16  and PACIFIC TELESIS GROUP        Other counsel listed on signature page

17

18              UNITED STATES DISTRICT COURT

19              CENTRAL DISTRICT OF CALIFORNIA

20

21  LARRY F. GOTTLIEB, et al.,           CV 00-04139 AHM (MANx)

22          Plaintiffs,                  CLASS ACTION

23          vs.

24  SBC COMMUNICATIONS, INC., et al.,

25          Defendants.

26

27              NOTICE OF SETTLEMENT

28

SAN_FRANCISCO_10715952v1 (2)

EXHIBIT..A..PAGE..6..OF..34

NOTICE OF SETTLEMENT
Case No  004139 AHM (MANx)

1      On December 11, 2002 the Honorable A. Howard Matz, District Court Judge of the

2    United States District Court of the Central District of California approved the settlement of

3    claims against defendants SBC Communications, Inc. ("SBC"), Pacific Telesis Group

4    ("PTG"), The Savings Plan Committee of the Pacific Telesis Group Supplemental

5    Retirement and Savings Plan for Salaried Employees, The Pacific Telesis Group

6    Supplemental Retirement and Savings Plan for Nonsalaried Employees, and the Benefit

7    Plan Committee of the SBC Savings Plan and the SBC Savings and Security Plan in the

8    above-captioned class action (the "Settlement"), for the all-inclusive sum of $10 million,

9    plus interest accruing after the $10 million was deposited in an escrow account in

10   accordance with the terms of the Settlement Agreement.

11      As the designated beneficiary of a deceased former participant in the Pacific Telesis

12   Group's Salaried and/or Non-Salaried Savings Plans who had a balance in the Airtouch

13   Stock fund as of December 31, 1997, your rights are affected by this Settlement.  The

14   Settlement will result in a payment of $10 million by the insurer of defendants SBC and

15   PTG to settle this action.  After deducting costs of administering the Settlement, plaintiffs'

16   counsel's attorneys' fees and litigation costs, and certain payments to the plaintiffs who

17   brought the lawsuit, the remaining funds ("the Settlement Amount") will be paid into the

18   SBC Salaried and Non-Salaried Savings Plans ("the Plans") and allocated pro rata (i.e., in

19   proportion to the number of AirTouch units held by the Class Member as of December 31,

20   1997), to the accounts of participant members of the Settlement Class.  The amount that

21   each participant Class Member will receive will depend on the number of units that the

22   participant Class Member had in the AirTouch Stock Fund on December 31, 1997.

23      If all disputes relating to individual settlement amounts are finally resolved by

24   May 30, 2003, the Settlement Amount, with interest from approximately September 6,

25   2002, will be paid into the Plans before the end of June 2003, and will then be allocated into

26   the individual savings plan accounts of the Class Members.  If a participant Class Member

27   does not have a savings plan account at the time the Settlement Amount is paid into the

28   Plans (because, for example, he or she took a lump sum distribution of his or her account),

NOTICE OF SETTLEMENT
Case No. 004139 AHM (MANx)

EXHIBIT A. PAGE 7 OF 34

1    he or she will have a savings plan account established for his or her benefit, and a pro rata

2    portion of the Settlement Amount will be allocated to that account. If the balance of the

3    account is $5,000 or less it will automatically be distributed to the participant Class

4    Member as soon as administratively feasible and the account will then be closed.

5        Class Members and, in the case of deceased Class Members, the deceased Class

6    Members' known beneficiaries, will receive further communications about the payment and

7    distribution of the Settlement Amount. Enclosed with this Notice is a statement of the

8    number of units that the deceased Class Member for whom you are a beneficiary had in the

9    AirTouch Stock Fund as of December 31, 1997 and an estimate of the amount to be

10   allocated to the Class Member. You will be given an opportunity to challenge the accuracy

11   of this information prior to any distribution of Settlement funds.

12       **YOU DO NOT NEED TO FILE ANYTHING WITH THE COURT IN**

13   **ORDER TO RECEIVE YOUR SHARE OF THE SETTLEMENT FUNDS.**

14                    <u>SUMMARY OF THE LITIGATION</u>

15       A lawsuit was filed in Federal Court in Los Angeles by 11 employees, former

16   employees, and spouses of employees of PTG and SBC ("the Plaintiffs"). The Plaintiffs are

17   or were participants in, and beneficiaries of participants in, the PTG Salaried and Non-

18   Salaried Savings Plans ("the Plans"). The participants' accounts in the Plans included the

19   stock of AirTouch Communications, Inc. ("AirTouch"), and Plaintiffs sued on behalf of all

20   such participants and beneficiaries of the Plans. After acquiring PTG, defendant SBC

21   merged the Plans with SBC's savings plans, which did not contain AirTouch Stock Funds.

22   SBC did not create AirTouch Stock Funds in its plans, and the AirTouch Stock Funds that

23   existed in the PTG Plans were consequently liquidated. Plan participants could elect to

24   have their AirTouch Stock Fund assets invested in other investment options within the SBC

25   Plans.

26       In the lawsuit, the Plaintiffs alleged that, in eliminating the Plans' AirTouch Stock

27   Funds, PTG and SBC breached their duties to the Plans' participants in violation of the

28   Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs also alleged that

- 3 -

**EXHIBIT A. PAGE 8 OF 34**

1    SBC and PTG, when they communicated with the Plans' participants regarding the

2    participants' options upon elimination of the AirTouch Stock Funds, failed to give complete

3    and accurate information about the participants' claimed ability to keep their AirTouch

4    stock by taking it out of the Plans.  Plaintiffs alleged that this was a further breach of the

5    defendants' duties under ERISA.

6         SBC and PTG have denied and continue to deny that the decision to eliminate the

7    Plans' AirTouch Stock Funds violated any fiduciary duties to the Class Members.  In

8    particular, defendants have relied on, among other things, two decisions of the United

9    States Supreme Court in which that Court decided that decisions by employers to amend

10   their retirement plans are not subject to ERISA's fiduciary rules or to any other legal

11   restriction.  The two decisions by the United States Supreme Court upon which defendants

12   rely are: *Hughes Aircraft Co. v. Jacobson,* 525 U.S. 432 (1999), and *Lockheed Corp. v.

13   Spink,* 517 U.S. 882  (1996).   In this case, SBC eliminated the Plans' AirTouch stock funds

14   by amending the plans.  Defendants therefore argue that the Class Members cannot

15   challenge that elimination under the law and, as a result, can recover no damages for any

16   losses allegedly resulting from the decision to eliminate the AirTouch funds.

17        Defendants also have denied and continue to deny that the communications given to

18   the Class Members were inadequate.  In addition, defendants have contended and continue

19   to contend that two other U.S. Supreme Court decisions and other federal appellate court

20   decisions severely limit the remedies available to Plaintiffs and the Class Members even if

21   they were correct that the communications in question were inadequate.  Specifically,

22   defendants have contended that these decisions prevent the payment of damages or other

23   monetary relief to remedy an inadequate communication.  The two decisions by the United

24   States Supreme Court upon which defendants rely are: *Great-West Life & Annuity Ins.

25   Co. v. Knudsen,* 534 U.S. 204 (2002), and *Mertens v. Hewitt Associates,* 508 U.S. 248

26   (1994).  An example of one of the other federal appeals court decisions on which

27   defendants rely is *Farr v. U.S. West,* 179 F.3d 1252 (9th Cir. 1999).  In that case, the court

28   found that the defendant corporation deliberately chose to withhold information from the

- 4 -

EXHIBIT. A. PAGE...9.OF..34

1    employees about the tax consequences of optional lump sum distributions from their

2    retirement plan. Nevertheless, the court held that the ERISA section under which the claim

3    was brought (the same one under which plaintiffs had to bring their "inadequate

4    communication" claim here) did not allow the employees to recover any compensation for

5    the extra taxes they had to pay or to receive any other relief.

6         Defendants also disputed that this case should be allowed to go forward as a class

7    action. At the time that the parties agreed to the proposed Settlement, the Plaintiffs' motion

8    to the Court to certify the case as a class action had not been decided by the Court. The

9    motion was vigorously opposed by the defendants, and its outcome was uncertain.

10        At the time that the lawsuit was originally filed in April of 2000, the Plaintiffs

11   alleged that they were entitled to damages which should be calculated based upon the

12   difference between the trading prices for SBC common stock and Vodafone common stock

13   (i.e., the number of shares of Vodafone that AirTouch shareholders received upon

14   acquisition of AirTouch by Vodafone). The Plaintiffs also alleged that based upon the

15   trading prices of those two stocks when the complaint was filed (and taking into account the

16   cash received by AirTouch stockholders in the Vodafone transaction), the total damages

17   suffered by the Class Members could be upwards of $650 million. Defendants contend that

18   Plaintiffs and the Class are not entitled to recover any damages. Even under Plaintiffs'

19   legal theory, damages are measured at the time of trial, not at the time a complaint is filed.

20   (The number was included in the Complaint to illustrate the potential magnitude of the

21   loss.) During the two years following the filing of the Complaint, the difference between

22   the trading prices of the two stocks changed dramatically due to a variety of factors. In

23   fact, at one point during settlement discussions, the difference between the trading prices of

24   the two stocks was such that, under the Plaintiffs' method of calculating damages,

25   depending upon the day on which the stock prices were compared, the Class Members may

26   have suffered no damages at all. If the trial were to take place today, the total loss, under

27   this measure, would be approximately $_____ [to be filled in on date notice is sent].

28   However, this presumes that the claims related to the elimination of the AirTouch stock

-5-

**EXHIBIT .ℓ. PAGE ℓ0. OF 34**

1 funds would be allowed to go forward at all in light of the Supreme Court cases mentioned

2 above.  It also presumes that the Court would certify the case as a class action, and that the

3 Court would accept Plaintiffs' proposed method of calculating damages, rather than a

4 method the defendants would have argued would be appropriate (and which would result in

5 a lower number).  In sum, at the time that the terms of the Settlement were agreed upon by

6 the parties, the Plaintiffs faced three significant risks: (1) the Court could decline to certify

7 the case to proceed as a class action; (2) prior to the time of trial, defendants could succeed

8 in convincing the Court that, under the applicable decisions of the United States Supreme

9 Court, the Plaintiffs had no viable legal claims challenging the elimination of the funds

10 and/or that Plaintiffs could not recover money on their other claims; and (3) at the time of

11 trial, the trading prices of the two stocks could be such that, even under the Plaintiffs'

12 method of calculating damages, the Class Members could be found to have no damages

13 whatsoever.

14   Recognizing these significant risks, the Plaintiffs agreed to participate in a

15 mediation which was conducted by David Rotman of the firm of Gregorio, Haldeman,

16 Piazza, Rotman & Matityahu, an experienced and highly respected mediation firm located

17 in San Francisco, California.  After multiple mediation sessions, and taking into account the

18 neutral mediator's assessment of the case, the parties ultimately agreed to settle this

19 litigation for the all-inclusive sum of $10 million, subject to the approval of the Court.

20   By agreeing to a settlement, SBC and PTG are not admitting that they did anything

21 wrong, and in fact deny they acted improperly.

22      <u>THE CLASS INVOLVED IN THIS SETTLEMENT</u>

23   On August 16, 2002, the Court, pursuant to the Settlement Agreement, and for the

24 purposes of settlement only, certified this action for settlement purposes as a class action

25 under Rule 23(b)(1) and (2) of the Federal Rules of Civil Procedure.  **Accordingly, there**

26 **was no provision for the opportunity for members of the Class to opt out of the Class.**

27 The Class is defined as <u>all individuals who were participants in the PTG's Salaried or Non-</u>

28 <u>Salaried Savings Plans who had a balance in the AirTouch Stock Fund as of December 31,</u>

- 6 -

NOTICE OF SETTLEMENT
Case No. 004139 AHM (MANx)

EXHIBIT . A . PAGE. 11 .OF. 34

1  <u>1997</u>.  The Court appointed plaintiffs Larry F. Gottlieb, Barry P. Resnick, Adrienne F.

2  Resnick, Dorothy S. Dowding, John B. Riley, Allan M. Filipeck, Linda Acox, Jean-Luc

3  Gaudremeau, Diane Wilson, and James Weinald (the "Named Plaintiffs") as the

4  representatives of the Class.

5      The Court appointed the following attorneys and law firms as Class Counsel:

6  James M. Finberg                     J. Paul Gignac
   Steven M. Tindall                    ARIAS, OZZELLO & GIGNAC, LLP
7  LIEFF, CABRASER, HEIMANN             1231 State Street, Suite 206
   & BERNSTEIN, LLP                     Santa Barbara, California 93101
8  275 Battery Street, 30th Floor       Telephone: (805) 892-5500
   San Francisco, CA  94111             Facsimile (805) 564-8885
9  Telephone:  (415) 956-1000
   Facsimile:  (415) 956-1008
10
   Jeffrey Lewis                        Marc Machiz
11 Teresa Renaker                       COHEN, MILSTEIN, HAUSFELD & TOLL
   LEWIS & FEINBERG, P.C.               1100 New York Avenue, N.W.
12 436 14th Street, #1505               West Tower, Suite 500
   Oakland, CA  94612                   Washington, DC  20005-3934
13 Telephone:  (510) 839-6824           Telephone:  (202) 408-4600
   Facsimile:  (510) 839-7839           Facsimile:  (202) 408-4699
14
   Steven H. Haney                      Eli Gottesdiener
15 HANEY BUCHANAN & PATTERSON, LLP      GOTTESDIENER LAW OFFICE
   707 Wilshire Blvd., Suite 5350       3901 Yuma Street, N.W.
16 Los Angeles, CA  90017               Washington, DC  20016
   Telephone:  (213) 228-6500           Telephone:  (202) 243-1000
17 Facsimile:  (213) 228-6501           Facsimile:  (202) 537-1989

18      Counsel for defendants SBC and PTG are as follows:

19 Paula M. Weber                       John A. Reding Jr.
   PILLSBURY WINTHROP LLP               PAUL, HASTINGS, JANOFSKY & WALKER LLP
20 50 Fremont Street                    55 Second Street
   San Francisco, CA  94105-2228        Twenty-Fourth Floor
21 Telephone: 415-983-1000              San Francisco, CA  94105
   Facsimile: 415-983-1200              Telephone: (415) 856-7000
22                                      Facsimile: (415) 856-7100

23              <u>SUMMARY OF THE SETTLEMENT</u>

24      The Settlement provides that the insurer for defendants SBC and PTG will pay

25  $10 million to settle the Class Members' claims.  That amount was deposited into an

26  escrow account on or about September 6, 2002, and began accumulating interest as of then.

27  All costs of administering the Settlement by the Settlement Administrator or the third-party

28  vendor retained by SBC to administer its savings plans, and all payments for Class

SAN_FRANCISCO_10715952v1 (2)

EXHIBIT A... PAGE 12 OF 34

1    Counsel's attorneys' fees and costs, and payments to the plaintiffs who brought the lawsuit

2    shall be paid from the Settlement Fund. The Settlement Fund, including interest, remaining

3    after deducting all of these different fees and costs is expected to be between $6.8 and $7.3

4    million. That amount will be paid into the SBC Salaried and Non-Salaried Savings Plans

5    and allocated to the individual accounts of the participant members of the Class. As noted

6    above, these individual payments will be based on the number of units that participant Class

7    Members had in the AirTouch Stock Fund as of December 31, 1997. The amount of the

8    payments is anticipated to be in the range of approximately 60 to 70 cents per AirTouch

9    unit owned during the relevant time. Class Members who do not have savings plan

10   accounts at the time the Settlement Amount is paid into the Plans will have savings plan

11   accounts established for them. If the account balance is $5,000 or less, their shares of the

12   Settlement Fund will be paid into those accounts and then automatically distributed to them

13   and the account will be closed.

14        Class Counsel undertook the lawsuit on a contingent fee basis and advanced costs

15   out of their own pockets. As their fee for services rendered on behalf of the Class

16   Members, Class Counsel asked the Court for an award of 25% of the settlement sum (i.e.,

17   $2.5 million) plus reimbursement of litigation costs that had been incurred since the

18   beginning of this litigation in April 2000. The Court approved an award of attorneys' fees

19   and costs in the amount of $2,462,500 for attorneys' fees and $391,763.51 for costs. The

20   plaintiffs who represented the Class in the lawsuit spent a substantial amount of time on the

21   case, including lengthy preparation to have their depositions taken, having their depositions

22   taken, and consulting with Class Counsel. The amounts awarded to them for these services

23   reduced the amount available to Class Counsel for attorneys' fees; it did not reduce the

24   amount to be distributed to the Class. The Court approved such payments, in the amount of

25   $2,500 each, to the named plaintiffs who were deposed.

26        As part of the Settlement, Class Members released all claims that have been asserted

27   or that might have been asserted by any Plaintiff or Class Member relating to the merger of

28   the SBC and PTG Plans, the elimination of the AirTouch Stock Fund, and the

- 8 -

**EXHIBIT . A . PAGE 13 OF 34**

1    communications to Class Members regarding the elimination of the AirTouch Stock Fund

2    or the merger of the SBC and PTG Plans. This means that you will not be able to make any

3    such claims. Plaintiffs and the Class Members do <u>not</u>, however, release any claims for

4    benefits under ERISA § 502(a)(1)(B) based on any alleged errors in recordkeeping with

5    regard to a Class Member's individual account. The parties who are released from the

6    released claims described above include all the defendants identified above, including SBC

7    and PTG, as well as their parent companies, subsidiaries, affiliates, and each of their

8    officers, directors, employees, and service providers such as attorneys, accountants,

9    auditors, as well as the fiduciaries of the pension and welfare benefit plans, and the savings

10   plan committees.

11                       <u>EXAMINATION OF PLEADINGS AND PAPERS</u>

12           This Notice does not contain all of the terms of the proposed Settlement or all of the

13   details of these proceedings. For more detailed information, you may refer to the

14   underlying documents and papers on file with the Court. This file may be inspected during

15   the hours of each Court business day at the Office of the Clerk of the Court, 312 N. Spring

16   Street, Los Angeles, California 90012. **Please do not call or write the court or the court**

17   **clerk's office, except to file a notice of intention to comment.**

18           You may also make an appointment during reasonable business hours to examine

19   and/or obtain copies of the Settlement Agreement or any of the underlying documents and

20   papers relating to the litigation at the office of Class Counsel. Please call any of them at the

21   telephone numbers listed above in order to make such an appointment. Please do not call

22   counsel for defendants.

23                              <u>RIGHT TO COMMENT</u>

24           If you wish to comment on this Settlement, you should file a notice of intention to

25   comment, together with any supporting papers stating the comment you wish to make with

26   the Clerk of the Court, United States District Court for the Central District of California.

27   Any papers filed with the Clerk of the Court should be served by First Class mail upon

28   Class Counsel and Defendants' Counsel at the addresses listed above. The notice of

- 9 -

EXHIBIT ....A.. PAGE .14. OF ..34

1    intention to comment and supporting papers should be received by the Court and delivered

2    or post-marked to all counsel no later than _____, 2003, which is 30 days from the

3    mailing of this notice.

4         You are not required to file a comment.  If you do not file a comment, your interests

5    will continue to be represented by Class Counsel.  You do not need to file anything in order

6    to receive your share of the settlement funds.

7                          <u>CHANGE OF ADDRESS</u>

8         If you move after receiving this notice, or if it was misaddressed, or if your name has

9    changed, you must supply your name (and any aliases) and your correct home address to the

10    attorneys listed on page 5 of this Notice and to the Settlement Administrator at the following

11    address:

12         Rosenthal & Company
           GOTTLIEB CASE
13         35 Leveroni Court, Suite 150
           Novato, CA 94949
14         Phone (800) 211-5201
           Fax (415) 382-6565
15

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

- 10 -

NOTICE OF SETTLEMENT
Case No. 004139 AHM (MANx)

EXHIBIT . A . PAGE . 15 . OF . 34

1     THIS IS IMPORTANT SO THAT FURTHER NOTICES REACH YOU.

2     Please put your Social Security number on all correspondence to Class Counsel and

3  to the Settlement Administrator.

4  Dated:  April __, 2003

5

6

7                                         The Honorable
                                         United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAN_FRANCISCO_10715952v1 (2)

NOTICE OF SETTLEMENT
Case No  004139 AHM (MANx)

EXHIBIT .... A. PAGE .16.OF .34

SCANNED

GOTTLIEB V. SBC COMMUNICATIONS INC.
c/o Settlement Administrator
Rosenthal & Company LLC
P.O. Box 6177
Novato, CA 94948-6177
1-800-207-0343

March XX, 2003

<barcode> SBC-«Claim»-«CD»  «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «ST» «Zip» «Country»

Subject:  Gottlieb v. SBC Communications Inc.
          Sole Beneficiary Statement of Estimated Settlement Amount
          Non-Salaried Plan

Dear «First1» «Last1»:

According to SBC Communications' records you are the sole beneficiary of <<First>> <<Last>>, a former employee of SBC Communications.

The enclosed notice describes a settlement for which <<First>> <<Last>> qualifies as a Class Member. The purpose of this letter is to provide you with the estimated settlement amount for <<First>> <<Last>>, which you, as a sole beneficiary, will receive.

As you will see from the notice, the settlement amount for each Class Member in this case will be calculated on a pro rata basis, based upon the number of AirTouch units that each individual had in the SBC 401k Plans' AirTouch Stock Funds on December 31, 1997. This means that the total amount of money available for distribution to Class Members (or their beneficiaries) will be divided by the total units held by Class Members to determine the value of a single unit. Class Members (or their beneficiaries) will then receive payment based on the value of each unit multiplied by the number of units each held.

According to SBC Communications' records <<First>> <<Last>> held <AirTouchHoldings> units in the AirTouch Stock Fund on December 31, 1997.

Here is how the Estimated Settlement Amount is calculated:

| | |
|---|---|
| Estimated Total Distribution to All Class Members | $    6,627,736.50 |
| Divided By: | |
| Total Units Held by All Class Members at 12/31/97 | 10,361,806 |
| Equals: | |
| Value of a Single Unit | $        0.639631 |
| Multiplied By: | |
| Units <<First>> <<Last>> Held at December 31, 1997 | <AirTouchHoldings> |
| Equals: | |
| Your Estimated Settlement Amount | $ <EstimatedSettlementAmount> |

It may be that your records reflect holdings in the Air Touch Stock Fund in terms of shares. Please understand that "shares" and "units" are not the same. The number of comparable shares is determined by multiplying the Units Held At December 31, 1997 by the Non-Salaried Unit Value of 48.96615 and dividing the product by the Air Touch Per Share Price of 41.56250 at December 31, 1997. The Estimated Settlement Amount is the same.

There are several other things you should understand about this settlement.

First, as discussed in the Settlement Agreement, in the event that any Class Member is deceased, that Class Member's Settlement Amount shall be allocated to an account in the SBC Plan on behalf of that deceased Class Member and then distributed from the SBC Plans to the beneficiary of that Class Member's account, subject to and in accordance with the provisions of the SBC Plans and applicable law. It will be considered a restorative contribution and invested in the Interest Income Fund.

For any Class Member (or beneficiary) who has no current account, an account will be opened for the sole purpose of depositing the Settlement Amount. If the Settlement Amount does not exceed $5,000, and thus the amount in the Class Member's (or beneficiary's) account is $5,000 or less, that amount will be automatically distributed to the Class Member (or beneficiary) and the account will be closed. If the Settlement Amount for any such Class Member is greater than $5,000, the Class Member (or beneficiary) will be given the opportunity to elect any payment (including lump sum payment) or rollover option available under the SBC Plans.

Second, you will have 15 days after the mailing of this Statement of Estimated Settlement Amount (or until XXXXX XX, 2003) to dispute in writing the number of AirTouch units held by the <First>> <<Last>>on December 31, 1997. All such written challenges to the number of AirTouch units held on December 31, 1997 should be sent to the Settlement Administrator at the following address in care of Jeannine:

**GOTTLIEB V. SBC COMMUNICATIONS INC.**
Settlement Administrator
Rosenthal & Company LLC
c/o Jeannine
P.O. Box 6177
Novato, CA 94948-6177

Do not contact the Savings Plan Service Center regarding disputes as to the number of the AirTouch units. If the Settlement Administrator is unable to resolve the dispute within 30 days, it will be forwarded to an Arbitrator who will have an additional 30 days to resolve the matter. The Arbitrator's decision will be final, and the Arbitrator's fees shall be deducted from the Settlement Fund.

Third, your Estimated Settlement Amount is our best approximation of your settlement at this time. The final amount could be affected by the costs of administration, increased AirTouch units established by Class Members, the costs of arbitration, and other factors.

Should you wish to receive a copy of the court's final order approving the class action settlement and dismissal in this matter you may do so by writing to the Administrator's address above or visiting the website www.sbc-airtouchsettlement.com. For further questions on this matter, please contact the Settlement Administrator.

EXHIBIT .ℬ. .PAGE. !ℱ.OF. 34

Sincerely,

The Settlement Administrator

EXHIBIT B. PAGE 19 OF 34

GOTTLIEB V. SBC COMMUNICATIONS INC.

c/o Settlement Administrator
Rosenthal & Company LLC
P.O. Box 6177
Novato, CA 94948-6177
1-800-207-0343

March XX, 2003

<barcode> SBC-«Claim»-«CD»  «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «ST» «Zip» «Country»

Subject:  Gottlieb v. SBC Communications Inc.
          Sole Beneficiary Statement of Estimated Settlement Amount
          Salaried Plan

Dear «First1» «Last1»:

According to SBC Communications' records you are the sole beneficiary of <<First>> <<Last>>, a former employee of SBC Communications.

The enclosed notice describes a settlement for which <<First>> <<Last>> qualifies as a Class Member. The purpose of this letter is to provide you with the estimated settlement amount for <<First>> <<Last>>, which you, as a sole beneficiary, will receive.

As you will see from the notice, the settlement amount for each Class Member in this case will be calculated on a pro rata basis, based upon the number of AirTouch units that each individual had in the SBC 401k Plans' AirTouch Stock Funds on December 31, 1997. This means that the total amount of money available for distribution to Class Members (or their beneficiaries) will be divided by the total units held by Class Members to determine the value of a single unit. Class Members (or their beneficiaries) will then receive payment based on the value of each unit multiplied by the number of units each held.

According to SBC Communications' records <<First>> <<Last>> held <AirTouchHoldings> units in the AirTouch Stock Fund on December 31, 1997.

Here is how the Estimated Settlement Amount is calculated:

| | |
|---|---|
| Estimated Total Distribution to All Class Members | $ 6,627,736.50 |
| Divided By: | |
| Total Units Held by All Class Members at 12/31/97 | 10,361,806 |
| Equals: | |
| Value of a Single Unit | $ 0.639631 |
| Multiplied By: | |
| Units <<First>> <<Last>> Held at December 31, 1997 | <AirTouchHoldings> |
| Equals: | |
| Your Estimated Settlement Amount | $ <EstimatedSettlementAmount> |

EXHIBIT ... B ... PAGE 20 OF 34

It may be that your records reflect holdings in the Air Touch Stock Fund in terms of shares. Please understand that "shares" and "units" are not the same. The number of comparable shares is determined by multiplying the Units Held At December 31, 1997 by the Salaried Unit Value of 48.381987 and dividing the product by the Air Touch Per Share Price of 41.56250 at December 31, 1997. The Estimated Settlement Amount is the same.

There are several other things you should understand about this settlement.

First, as discussed in the Settlement Agreement, in the event that any Class Member is deceased, that Class Member's Settlement Amount shall be and allocated to an account in the SBC Plan on behalf of that deceased Class Member and then distributed from the SBC Plans to the beneficiary of that Class Member's account, subject to and in accordance with the provisions of the SBC Plans and applicable law. It will be considered a restorative contribution and invested in the Interest Income Fund.

For any Class Member (or beneficiary) who has no current account, an account will be opened for the sole purpose of depositing the Settlement Amount. If the Settlement Amount does not exceed $5,000, and thus the amount in the Class Member's (or beneficiary's) account is $5,000 or less, that amount will be automatically distributed to the Class Member (or beneficiary) and the account will be closed. If the Settlement Amount for any such Class Member is greater than $5,000, the Class Member (or beneficiary) will be given the opportunity to elect any payment (including lump sum payment) or rollover option available under the SBC Plans.

Second, you will have 15 days after the mailing of this Statement of Estimated Settlement Amount (or until XXXXX XX, 2003) to dispute in writing the number of AirTouch units held by the <First>> <<Last>>on December 31, 1997. All such written challenges to the number of AirTouch units held on December 31, 1997 should be sent to the Settlement Administrator at the following address in care of Jeannine:

**GOTTLIEB V. SBC COMMUNICATIONS INC.**
Settlement Administrator
Rosenthal & Company LLC
c/o Jeannine
P.O. Box 6177
Novato, CA 94948-6177

Do not contact the Savings Plan Service Center regarding disputes as to the number of the AirTouch units. If the Settlement Administrator is unable to resolve the dispute within 30 days, it will be forwarded to an Arbitrator who will have an additional 30 days to resolve the matter. The Arbitrator's decision will be final, and the Arbitrator's fees shall be deducted from the Settlement Fund.

Third, your Estimated Settlement Amount is our best approximation of your settlement at this time. The final amount could be affected by the costs of administration, increased AirTouch units established by Class Members, the costs of arbitration, and other factors.

Should you wish to receive a copy of the court's final order approving the class action settlement and dismissal in this matter you may do so by writing to the Administrator's address above or visiting the website www.sbc-airtouchsettlement.com. For further questions on this matter, please contact the Settlement Administrator.

EXHIBIT *B* . PAGE 2! . OF 34

Sincerely,

The Settlement Administrator

EXHIBIT *B*. PAGE *22* OF *34*

**GOTTLIEB V. SBC COMMUNICATIONS INC.**
c/o Settlement Administrator
Rosenthal & Company LLC
P.O. Box 6177
Novato, CA 94948-6177
1-800-207-0343

March XX, 2003

<barcode> SBC-«Claim»-«CD»  «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «ST» «Zip» «Country»

Subject:  Gottlieb v. SBC Communications Inc.
          Sole Beneficiary Statement of Estimated Settlement Amount
          Both Salaried Plan and Non Salaried Plans

Dear «First1» «Last1»:

According to SBC Communication records you are the sole beneficiary of <<First>> <<Last>>, a former employee of SBC Communication.

The enclosed notice describes a settlement for which <<First>> <<Last>> qualifies as a Class Member.  The purpose of this letter is to provide you with the estimated settlement amount for <<First>> <<Last>>, which you, as a sole beneficiary, will receive.

As you will see from the notice, the settlement amount for each Class Member in this case will be calculated on a pro rata basis, based upon the number of AirTouch units that each individual had in the SBC 401k Plans' AirTouch Stock Funds on December 31, 1997.  This means that the total amount of money available for distribution to Class Members (or their beneficiaries) will be divided by the total units held by Class Members to determine the value of a single unit.  Class Members (or their beneficiaries) will then receive payment based on the value of each unit multiplied by the number of units each held.

According to SBC Communications' records <<First>> <<Last>> held <AirTouchHoldings> units in the AirTouch Stock Fund on December 31, 1997.

Here is how the Estimated Settlement Amount is calculated:

| | |
|---|---|
| Estimated Total Distribution to All Class Members | $   6,627,736.50 |
| Divided By: | |
| Total Units Held by All Class Members at 12/31/97 | 10,361,806 |
| Equals: | |
| Value of a Single Unit | $      0.639631 |
| Multiplied By: | |
| Units <<First>> <<Last>> Held at December 31, 1997 | <AirTouchHoldings> |
| Equals: | |
| Your Estimated Settlement Amount | $ <EstimatedSettlementAmount> |

It may be that your records reflect holdings in the Air Touch Stock Fund in terms of shares. Please understand that "shares" and "units" are not the same.  The number of comparable Salaried shares is determined by multiplying the Units Held At December 31, 1997 by the Salaried Unit Value of 48.381987 and dividing the product by the Air Touch Per Share Price of 41.56250 at December 31, 1997.  The number of comparable Non-Salaried shares is determined by multiplying the Units Held At December 31, 1997 by the Non-Salaried Unit Value of 48.96615 and dividing the product by the Air Touch Per Share Price of 41.56250 at December 31, 1997.  By adding together the Salaried and Non-Salaried Shares, you should find a number of shares comparable to those in your records for December 31, 1997.  The Estimated Settlement Amount is the same.

It may be that your records reflect holdings in the Air Touch Stock Fund in terms of shares. Please understand that "shares" and "units" are not the same.  The units above convert to shares held in both the Salaried and Non-Salaried Plans of <<shares held>>.  The Estimated Settlement Amount is the same.

There are several other things you should understand about this settlement.

First, as discussed in the Settlement Agreement, in the event that any Class Member is deceased, that Class Member's Settlement Amount shall be allocated to an account in the SBC Plan on behalf of that deceased Class Member and then distributed from the SBC Plans to the beneficiary of that Class Member's account, subject to and in accordance with the provisions of the SBC Plans and applicable law.  It will be considered restorative and invested in the Interest Income Fund.

For any Class Member (or beneficiary) who has no current account, an account will be opened for the sole purpose of depositing the Settlement Amount.  If the Settlement Amount does not exceed $5,000, and thus the amount in the Class Member's (or beneficiary's) account is $5,000 or less, that amount will be automatically distributed to the Class Member (or beneficiary) and the account will be closed.  If the Settlement Amount for any such Class Member is greater than $5,000, the Class Member (or beneficiary) will be given the opportunity to elect any payment (including lump sum payment) or rollover option available under the SBC Plans.

Second, you will have 15 days after the mailing of this Statement of Estimated Settlement Amount (or until XXXXX XX, 2003) to dispute in writing the number of AirTouch units held by the <First>> <<Last>>on December 31, 1997.  All such written challenges to the number of AirTouch units held on December 31, 1997 should be sent to the Settlement Administrator at the following address in care of Jeannine:

**GOTTLIEB V. SBC COMMUNICATIONS INC.**
Settlement Administrator
Rosenthal & Company LLC
c/o Jeannine
P.O. Box 6177
Novato, CA 94948-6177

Do not contact the Savings Plan Service Center regarding disputes as to the number of the AirTouch units.  If the Settlement Administrator is unable to resolve the dispute within 30 days, it will be forwarded to an Arbitrator who will have an additional 30 days to resolve the

EXHIBIT _B_ . PAGE _24_ OF _34_

matter. The Arbitrator's decision will be final, and the Arbitrator's fees shall be deducted from the Settlement Fund.

Third, your Estimated Settlement Amount is our best approximation of your settlement at this time. The final amount could be affected by the costs of administration, increased AirTouch units established by Class Members, the costs of arbitration, and other factors.

Should you wish to receive a copy of the court's final order approving the class action settlement and dismissal in this matter you may do so by writing to the Administrator's address above or visiting the website www.sbc-airtouchsettlement.com. For further questions on this matter, please contact the Settlement Administrator.

Sincerely,

The Settlement Administrator

EXHIBIT *B*. PAGE 25 OF 34

**GOTTLIEB V. SBC COMMUNICATIONS INC.**
c/o Settlement Administrator
Rosenthal & Company LLC
P.O. Box 6177
Novato, CA 94948-6177
1-800-207-0343

March XX, 2003

<barcode> SBC-«Claim»-«CD»  «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «ST» «Zip» «Country»

Subject:  Gottlieb v. SBC Communications Inc.
          Partial Beneficiary Statement of Estimated Settlement Amount
          Salaried and Non-Salaried Plans

Dear «First1» «Last1»:

According to SBC Communications' records you are a XX percent beneficiary of
<<First>> <<Last>>, a former employee of SBC Communications.

The enclosed notice describes a settlement for which <<First>> <<Last>> qualifies as a
Class Member.  The purpose of this letter is to provide you with total estimated settlement
amount for <<First>> <<Last>> and the portion that you, as one <<First>> <<Last>>0
beneficiaries will receive.

As you will see from the notice, the settlement amount for each Class Member in this
case will be calculated on a pro rata basis, based upon the number of AirTouch units that each
individual had in the SBC 401k Plans' AirTouch Stock Funds on December 31, 1997.  This
means that the total amount of money available for distribution to Class Members (or their
beneficiaries) will be divided by the total units held by Class Members to determine the value of
a single unit.  Class Members (or their beneficiaries) will then receive payment based on the
value of each unit multiplied by the number of units each held.

According to SBC Communications' records <<First>> <<Last>> held
<AirTouchHoldings> units in the AirTouch Stock Fund on December 31, 1997.

Here is how the Estimated Settlement Amount is calculated:

| | | |
|---|---|---|
| Estimated Total Distribution to All Class Members<br>Divided By: | $ | 6,627,736.50 |
| Total Units Held by All Class Members at 12/31/97<br>Equals: | | 10,361,806 |
| Value of a Single Unit<br>Multiplied By: | $ | 0.639631 |
| Units <<First>> <<Last>> Held at December 31, 1997 <AirTouchHoldings><br>Equals: | | |

Total Estimated Settlement Amount                              $ <EstimatedSettlementAmount>

Because you are a partial beneficiary you will receive an estimated $<percent X Estimated Settlement Amount>.

It may be that your records reflect holdings in the Air Touch Stock Fund in terms of shares. Please understand that "shares" and "units" are not the same. The number of comparable Salaried shares is determined by multiplying the Units Held At December 31, 1997 by the Salaried Unit Value of 48.381987 and dividing the product by the Air Touch Per Share Price of 41.56250 at December 31, 1997. The number of comparable Non-Salaried shares is determined by multiplying the Units Held At December 31, 1997 by the Non-Salaried Unit Value of 48.96615 and dividing the product by the Air Touch Per Share Price of 41.56250 at December 31, 1997. By adding together the Salaried and Non-Salaried Shares, you should find a number of shares comparable to those in your records for December 31, 1997. The Estimated Settlement Amount is the same.

There are several other things you should understand about this settlement.

First, as discussed in the Settlement Agreement, in the event that any Class Member is deceased, that Class Member's Settlement amount shall be allocated to an account in the SBC Plan on behalf of that deceased Class Member and then distributed from the SBC Plans to the beneficiary of that Class Member's account, subject to and in accordance with the provisions of the SBC Plans and applicable law. It will be considered restorative and invested in the Interest Income Fund.

For any Class Member who has no current account, an account will be opened for the sole purpose of depositing the Settlement Amount. If the Settlement Amount does not exceed $5,000, and thus the amount in the Class Member's (or beneficiary's) account is $5,000 or less, that amount will be automatically distributed to the Class Member (or beneficiary) and the account will be closed. If the Settlement Amount for any such Class Member is greater than $5,000, the Class Member (or beneficiary) will be given the opportunity to elect any payment (including lump sum payment) or rollover option available under the SBC Plans.

Second, you will have XX days after the mailing of this Statement of Estimated Settlement Amount (or until XXXXX XX, 2003) to dispute in writing the number of AirTouch units held by the <First>> <<Last>>on December 31, 1997. All such written challenges to the number of AirTouch units held on December 31, 1997 should be sent to the Settlement Administrator at the following address in care of Jeannine:

**GOTTLIEB V. SBC COMMUNICATIONS INC.**
Settlement Administrator
Rosenthal & Company LLC
c/o Jeannine
P.O. Box 6177
Novato, CA 94948-6177

Do not contact the Savings Plan Service Center regarding disputes as to the number of the AirTouch units. If the Settlement Administrator is unable to resolve the dispute within 30 days, it will be forwarded to an Arbitrator who will have an additional 30 days to resolve the matter. The Arbitrator's decision will be final, and the Arbitrator's fees shall be deducted from the Settlement Fund.

EXHIBIT _B_ PAGE _27_ OF _34_

Third, your Estimated Settlement Amount is our best approximation of your settlement at this time. The final amount could be affected by the costs of administration, increased AirTouch units established by Class Members, the costs of arbitration, and other factors.

Should you wish to receive a copy of the court's final order approving the class action settlement and dismissal in this matter you may do so by writing to the Administrator's address above or visiting the website www.sbc-airtouchsettlement.com. For further questions on this matter, please contact the Settlement Administrator.

Sincerely,

The Settlement Administrator

EXHIBIT ....*B*... PAGE *28* OF *34*

**GOTTLIEB V. SBC COMMUNICATIONS INC.**
c/o Settlement Administrator
Rosenthal & Company LLC
P.O. Box 6177
Novato, CA 94948-6177
1-800-207-0343

March XX, 2003

\<barcode\> SBC-«Claim»-«CD»  «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «ST» «Zip» «Country»

Subject:  Gottlieb v. SBC Communications Inc.
　　　　　Partial Beneficiary Statement of Estimated Settlement Amount
　　　　　Non-Salaried Plan

Dear «First1» «Last1»:

According to SBC Communications' records you are a partial beneficiary of <<First>> <<Last>>, a former employee of SBC Communications.

The enclosed notice describes a settlement for which <<First>> <<Last>> qualifies as a Class Member.  The purpose of this letter is to provide you with the total estimated settlement amount for <<First>> <<Last>> and the portion that you, as one of <<First>> <<Last>>'s beneficiaries will receive.

As you will see from the notice, the settlement amount for each Class Member in this case will be calculated on a pro rata basis, based upon the number of AirTouch units that each individual had in the SBC 401k Plans' AirTouch Stock Funds on December 31, 1997.  This means that the total amount of money available for distribution to Class Members (or their beneficiaries) will be divided by the total units held by Class Members to determine the value of a single unit.  Class Members (or their beneficiaries) will then receive payment based on the value of each unit multiplied by the number of units each held.

According to SBC Communications' records <<First>> <<Last>> held <AirTouchHoldings> units in the AirTouch Stock Fund on December 31, 1997.

Here is how the Estimated Settlement Amount is calculated:

| | |
|---|---|
| Estimated Total Distribution to All Class Members | $ ___6,627,736.50 |
| Divided By: | |
| 　　　Total Units Held by All Class Members at 12/31/97 | ___10,361,806 |
| Equals: | |
| 　　　Value of a Single Unit | $ ___0.639631 |
| Multiplied By: | |
| 　　　Units <<First>> <<Last>> Held at December 31, 1997 | <AirTouchHoldings> |
| Equals: | |

EXHIBIT *B*. PAGE *29* OF *34*

Total Estimated Settlement Amount                           $ <EstimatedSettlementAmount>

Because you are a partial beneficiary you will receive an estimated $<PercentXl Estimated Settlement Amount>.

It may be that your records reflect holdings in the Air Touch Stock Fund in terms of shares. Please understand that "shares" and "units" are not the same. The number of comparable shares is determined by multiplying the Units Held At December 31, 1997 by the Non-Salaried Unit Value of 48.96615 and dividing the product by the Air Touch Per Share Price of 41.56250 at December 31, 1997. The Estimated Settlement Amount is the same.

There are several other things you should understand about this settlement.

First, as discussed in the Settlement Agreement, in the event that any Class Member is deceased, that Class Member's Settlement Amount shall be allocated to an account in the SBC Plan on behalf of that deceased Class Member and then distributed from the SBC Plans to the beneficiary of that Class Member's account, subject to and in accordance with the provisions of the SBC Plans and applicable law. It will be considered a restorative contribution and invested in the Interest Income Fund

For any Class Member (or beneficiary) who has no current account, an account will be opened for the sole purpose of depositing the Settlement Amount. If the Settlement Amount does not exceed $5,000, and thus the amount in the Class Member's (or beneficiary's) account is $5,000 or less, that amount will be automatically distributed to the Class Member (or beneficiary) and the account will be closed. If the Settlement Amount for any such Class Member is greater than $5,000, the Class Member (or beneficiary) will be given the opportunity to elect any payment (including lump sum payment) or rollover option available under the SBC Plans.

Second, you will have 15 days after the mailing of this Statement of Estimated Settlement Amount (or until XXXXX XX, 2003) to dispute in writing the number of AirTouch units held by the <First>> <<Last>>on December 31, 1997. All such written challenges to the number of AirTouch units held on December 31, 1997 should be sent to the Settlement Administrator at the following address in care of Jeannine:

**GOTTLIEB V. SBC COMMUNICATIONS INC.**
Settlement Administrator
Rosenthal & Company LLC
c/o Jeannine
P.O. Box 6177
Novato, CA 94948-6177

Do not contact the Savings Plan Service Center regarding disputes as to the number of the AirTouch units. If the Settlement Administrator is unable to resolve the dispute within 30 days, it will be forwarded to an Arbitrator who will have an additional 30 days to resolve the matter. The Arbitrator's decision will be final, and the Arbitrator's fees shall be deducted from the Settlement Fund.

Third, your Estimated Settlement Amount is our best approximation of your settlement at this time. The final amount could be affected by the costs of administration, increased AirTouch units established by Class Members, the costs of arbitration, and other factors.

EXHIBIT _B_. PAGE _30_ OF _34_

Should you wish to receive a copy of the court's final order approving the class action settlement and dismissal in this matter you may do so by writing to the Administrator's address above or visiting the website www.sbc-airtouchsettlement.com. For further questions on this matter, please contact the Settlement Administrator.

Sincerely,

The Settlement Administrator

EXHIBIT _B_ .. PAGE _31_ .OF _34_

**GOTTLIEB V. SBC COMMUNICATIONS INC.**
c/o Settlement Administrator
Rosenthal & Company LLC
P.O. Box 6177
Novato, CA 94948-6177
1-800-207-0343

March XX, 2003

\<barcode\> SBC-«Claim»-«CD»  «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «ST» «Zip» «Country»

Subject:  Gottlieb v. SBC Communications Inc.
          Partial Beneficiary Statement of Estimated Settlement Amount
          Salaried Plan

Dear «First1» «Last1»:

According to SBC Communications' records you are a partial beneficiary of <<First>> <<Last>>, a former employee of SBC Communications.

The enclosed notice describes a settlement for which <<First>> <<Last>> qualifies as a Class Member. The purpose of this letter is to provide you with the total estimated settlement amount for <<First>> <<Last>> and the portion that you , as one of <<First>>. <<Last>>'s beneficiaries will receive.

As you will see from the notice, the settlement amount for each Class Member in this case will be calculated on a pro rata basis, based upon the number of AirTouch units that each individual had in the SBC 401k Plans' AirTouch Stock Funds on December 31, 1997. This means that the total amount of money available for distribution to Class Members (or their beneficiaries) will be divided by the total units held by Class Members to determine the value of a single unit. Class Members(or their beneficiaries) will then receive payment based on the value of each unit multiplied by the number of units each held.

According to SBC Communications' records <<First>> <<Last>> held \<AirTouchHoldings\> units in the AirTouch Stock Fund on December 31, 1997.

Here is how the Estimated Settlement Amount is calculated:

| | | |
|---|---|---|
| Estimated Total Distribution to All Class Members | $ | 6,627,736.50 |
| Divided By: | | |
| Total Units Held by All Class Members at 12/31/97 | | 10,361,806 |
| Equals: | | |
| Value of a Single Unit | $ | 0.639631 |
| Multiplied By: | | |
| Units <<First>> <<Last>> Held at December 31, 1997 | | \<AirTouchHoldings\> |
| Equals: | | |

Total Estimated Settlement Amount                    $ <EstimatedSettlementAmount>

Because you are a partial beneficiary you will receive an estimated $<percent X Estimated Settlement Amount>.

It may be that your records reflect holdings in the Air Touch Stock Fund in terms of shares. Please understand that "shares" and "units" are not the same. The number of comparable shares is determined by multiplying the Units Held At December 31, 1997 by the Salaried Unit Value of 48.381987 and dividing the product by the Air Touch Per Share Price of 41.56250 at December 31, 1997. The Estimated Settlement Amount is the same.

There are several other things you should understand about this settlement.

First, as discussed in the Settlement Agreement, in the event that any Class Member is deceased, that Class Member's shall be allocated to an account in the SBC Plan on behalf of that deceased Class Member and then distributed from the SBC Plans to the beneficiary of that Class Member's account, subject to and in accordance with the provisions of the SBC Plans and applicable law. It will be considered a restorative contribution and invested in the Interest Income Fund.

For any Class Member (or beneficiary) who has no current account, an account will be opened for the sole purpose of depositing the Settlement Amount. If the Settlement Amount does not exceed $5,000, and thus the amount in the Class Member's (or beneficiary's) account is $5,000 or less, that amount will be automatically distributed to the Class Member (or beneficiary) and the account will be closed. If the Settlement Amount for any such Class Member is greater than $5,000, the Class Member (or beneficiary) will be given the opportunity to elect any payment (including lump sum payment) or rollover option available under the SBC Plans.

Second, you will have 15 days after the mailing of this Statement of Estimated Settlement Amount (or until XXXXX XX, 2003) to dispute in writing the number of AirTouch units held by the <First>> <<Last>>on December 31, 1997. All such written challenges to the number of AirTouch units held on December 31, 1997 should be sent to the Settlement Administrator at the following address in care of Jeannine:

**GOTTLIEB V. SBC COMMUNICATIONS INC.**
Settlement Administrator
Rosenthal & Company LLC
c/o Jeannine
P.O. Box 6177
Novato, CA 94948-6177

Do not contact the Savings Plan Service Center regarding disputes as to the number of the AirTouch units. If the Settlement Administrator is unable to resolve the dispute within 30 days, it will be forwarded to an Arbitrator who will have an additional 30 days to resolve the matter. The Arbitrator's decision will be final, and the Arbitrator's fees shall be deducted from the Settlement Fund.

Third, your Estimated Settlement Amount is our best approximation of your settlement at this time. The final amount could be affected by the costs of administration, increased AirTouch units established by Class Members, the costs of arbitration, and other factors.

EXHIBIT ....B... PAGE...33..OF..34

      Should you wish to receive a copy of the court's final order approving the class action settlement and dismissal in this matter you may do so by writing to the Administrator's address above or visiting the website www.sbc-airtouchsettlement.com.  For further questions on this matter, please contact the Settlement Administrator.

Sincerely,

The Settlement Administrator

EXHIBIT . ß . PAGE 34 OF 34

Docket No. CV 00-04139 AHM (MANx)

<u>PROOF OF SERVICE BY MAIL</u>

I, Helen Moreno, the undersigned, hereby declare as follows:

1.    I am over the age of 18 years and am not a party to the within cause.  I am employed by Pillsbury Winthrop LLP in the City of Los Angeles, California.

2.    My business address is 725 South Figueroa Street, Suite 2800, Los Angeles, CA  90017-5406.

3.    On April 15, 2003, I served a true copy of the attached document(s) titled exactly STIPULATION FOR MODIFICATION OF THE AGREEMENT TO SETTLE CLASS ACTION by placing it/them in an addressed sealed envelope and depositing it in the United States mail, first class postage fully prepaid, to the following:

| | |
|---|---|
| LEWIS & FEINBERG, P.C. | PAUL, HASTINGS, JANOFSKY & |
| Jeffrey Lewis | WALKER LLP |
| Teresa Renaker | John A. Reding |
| 436 14th Street, Suite 1505 | Ethan Lipsig |
| Oakland, CA 94612-2703 | Nancy L. Abell |
| | Barry N. Endick |
| | 55 Second Street, 24th Floor |
| | San Francisco, CA 94105-3441 |
| | |
| LIEFF, CARBRASER, HEIMANN & | ARIAS, OZZELLO & GIGNAC, LLP |
| BERNSTEIN, LLP | J. Paul Gignac |
| James M. Finberg | 1231 State Street, Suite 206 |
| Steven M. Tindall | Santa Barbara, CA 93101 |
| 275 Battery Street, 30th Fl. | |
| San Francisco, CA 94111 | |

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 15th day of April, 2003, at Los Angeles, California.

_____
Helen Moreno